Eastern District of Kentucky
F I L E D
JUN 29 2012
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| POE NORRIS CAUDILL, III | ) |
| | ) |
| Petitioner, | ) Civil Action No. 12-7-KKC |
| | ) |
| v. | ) |
| | ) |
| DEBORAH A. HICKEY, *Warden*, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Poe Norris Caudill, III, is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Caudill, proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release to home incarceration to obtain a liver transplant. [R. 2] Because a habeas corpus petition is not a proper means to obtain the relief he requests, the Court will deny the petition.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule

1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his petition, Caudill indicates that he has long suffered from a kidney disorder and has been diagnosed with Hepatitis C. Following a medical emergency in September 2011, Caudill was transferred from another prison to FMC-Lexington so that he could receive greater medical care. Caudill alleges that his treating physicians have advised him that, without a liver transplant, his condition is terminal, and that his life expectancy is less than one year. However, he was further advised that the Bureau of Prisons "does not do" transplants of vital organs. Caudill indicates that he later learned that organ transplants are, in fact, possible while remaining in BOP custody. As relief, Caudill asks the Court to reduce his sentence to home incarceration until he can receive a liver transplant, at which time he will return to BOP custody. [R. 2]

On September 29, 2008, Caudill was indicted in North Carolina for cocaine trafficking. He pled guilty, and on September 29, 2009, he was sentenced to 130 months imprisonment. *United States v. Caudill*, No. 1:08-cr-345-TDS (M.D.N.C. 2008). On October 24, 2011, Caudill filed a motion in the trial court to reduce his sentence or for compassionate release on essentially the same grounds asserted in this proceeding. Following briefing, the court entered a comprehensive opinion denying relief. [R. 21 therein] The court concluded that it was without authority to modify his sentence pursuant to the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(I) because the Bureau of Prisons had denied his requests to file such a motion in the trial court. The court further concluded that, to the extent Caudill wished to challenge the adequacy of his medical care, he must do so by filing a petition for a writ of habeas corpus pursuant to Section 2241 in this Court, the district of his incarceration. *Id.* at 9-10, *citing United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Caudill's appeal from that order remains pending before the Fourth Circuit.

Doubtless prompted by the trial court's opinion, Caudill filed his habeas petition under Section 2241 in this Court. However, his petition is misguided for two reasons. First, Caudill's petition does not merely challenge the manner in which the BOP has treated his medical conditions, it seeks immediate release from custody as a remedy. Such a remedy plainly seeks a direct alteration of his criminal sentence in light of his medical condition, relief which - if it can be obtained at all - must be sought from the trial court. *Parker v. Hickey*, 2011 WL 839563, at *6 (E.D. Ky. 2011) (prisoner's action seeking release from prison to obtain psychiatric care may not be pursued in *Bivens* action, but he must seek relief from sentence in trial court). As the Seventh Circuit explained:

> As release is not available under *Bivens*, Glaus's habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for Glaus, it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.

*Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir.2005). *See also Srivastava v. United States*, 2011 WL 3291823 (E.D.N.C. 2011) (habeas petition seeking release because of allegedly inadequate medical treatment not cognizable under Section 2241) (citing *Parker*); *Crowe v. United States*, No. 09-171-GFVT (E.D. Ky. 2009), *aff'd*, 430 F. App'x 484 (6th Cir. 2011) (Section 2241 does not provide subject matter jurisdiction to challenge BOP's discretionary determination not to seek compassionate release).

Second, even if Caudill were only attempting to challenge the sufficiency of the medical care he has been provided in prison, without seeking release as a remedy, he may not do so through a Section 2241 habeas petition. Such a claim does not implicate the core concerns of habeas by challenging the fact of his conviction or the duration of his confinement; instead, it challenges the

conditions of his confinement, and must be pursued against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). *Hodges v. Bell*, 170 F. App'x 389 (6th Cir. 2006) (*citing Nelson v. Campbell*, 541 U.S. 637, 643 (2004)); *Odom v. Hofbauer*, 2005 WL 1968819 (W.D. Mich. 2005).

Accordingly, **IT IS ORDERED** that:

1. Caudill's Motion to Supplement Petition [R. 8] and Motion to Supplement to Show Exhaustion and to Update Medical Condition [R. 9] are **GRANTED.**

2. Caudill's petition [R. 2] is **DENIED.**

3. The Court will enter an appropriate judgment.

This June 29, 2012.



Signed By:
Karen K. Caldwell
United States District Judge